UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERCA,

Plaintiff,

v. Case No. 17-cr-175-pp

TORRENCE HARRIS, SR.,

Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE – USSC AMENDMENT (DKT. NO. 664)**

---

On March 12, 2021, the defendant signed a plea agreement agreeing to plead guilty to one count of conspiracy to possess with intent to distribute and to distribute controlled substances. Dkt. No. 509. On April 20, 2021, the court conducted a plea colloquy; at the end of that hearing, it accepted the defendant's guilty plea. Dkt. No. 520. On March 16, 2023, the court sentenced the defendant to serve 144 months (twelve years) in custody with credit for time served prior to the sentencing date. Dkt. Nos. 644 (court minutes); 645 (judgment).

On April 15, 2024, the court received from the petitioner a motion to vacate, correct or set aside his sentence under 28 U.S.C. §2255. Dkt. No. 651. The clerk's office opened up a civil case for that §2255 petition. Harris v. United States, Case No. 24-cv-453 (E.D. Wis.). On August 28, 2026, the court denied the §2255 petition and dismissed the case. Id. at Dkt. Nos. 29 (order), 30 (judgment). But on January 22, 2025, while the §2255 case remained pending,

the court received from the defendant a motion to amend the §2255 petition for "correction of criminal history points" under Amendment 821 of the U.S. Sentencing Guidelines and correction of a typographical error in an attachment to the §2255 petition. Dkt. No. 664. This order addresses the defendant's argument that he is entitled to a correction in his criminal history points. That argument did not belong in the §2255 petition; the court construes the defendant's letter motion as a *pro se* request for a sentence reduction under Amendment 821 and denies that request.

Under the United States Sentencing Guidelines in effect when the court sentenced the defendant (the 2021 edition of the Guidelines Manual), see Dkt. No. 637 (revised PSR) at ¶34, a defendant would receive two (2) additional criminal history points if he committed the federal offense of conviction while "under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2021 edition of the Guidelines Manual). In other words, if the defendant was on some kind of supervision at the time he committed his federal crime, he would receive two (2) "status points" on top of any other criminal history points he'd accrued.

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines went into effect. Parts of that amendment are retroactive. Part A addresses "status points"—those extra criminal history points assessed against someone who committed the instant offense while under a criminal justice sentence (probation, parole, supervised release, imprisonment, work release or

escape status). United States Sentencing Commission Guidelines Manual, Supplement to Appendix C, at 240 (2023). The new guideline—which was made retroactive—now states that a defendant who has less than seven (7) criminal history points receives no "status" points. U.S.S.G. § 4A1.1(e) (2023 edition of the Guidelines Manual). It states that a defendant with seven (7) or more criminal history points receives one (1) status point. Id.

This amended guideline does not help the defendant. The defendant had twelve (12) criminal history points based on his prior convictions. Dkt. No. 637 at ¶12. When the court added the two (2) "status" points, that gave the defendant fourteen (14) criminal history points. Id. at ¶¶54, 55. Fourteen criminal history points resulted in the defendant having a criminal history category of VI. Id. at ¶55. Under the amended guideline, the defendant gets only one (1) status point (because he had more than seven (7) criminal history points). That reduces his criminal history points to thirteen (13). But under both the 2021 Guidelines and the amended Guidelines, a person with thirteen or more (13) criminal history points still is in a criminal history category of VI. So the reduction of one (1) status point does not change the defendant's criminal history category or his guidelines range.

Another change brought about by Amendment 821 was the creation of a new guideline—§ 4C1.1—that allows a court to decrease by two (2) levels the defendant's Chapter Two offense level if he has *no* criminal history points and meets certain other requirements. Those requirements include not using violence or credible threats of violence during the offense of conviction and not

possessing a firearm in connection with the offense. The defendant does not qualify for a reduction under this new guideline, either. The defendant is not a zero-point offender. As the court has explained, he had twelve (12) criminal history points, plus one status point, for a total of thirteen (13) criminal history points. Because the defendant did not have zero (0) criminal history points, he is not entitled to a two-level (2) reduction in his offense level under new guideline § 4C1.1.

As a result, the court cannot reduce the defendant's sentence. 18 U.S.C. §3582(c)(2) allows a court to reduce a defendant's sentence only if the defendant has been sentenced to "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" The relevant policy statement, U.S.S.G. §1B1.10(a)(2)(B), explicitly excludes a sentence reduction in the defendant's case: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. §3582(c)(2) if -- . . . (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." Accordingly, the defendant is ineligible for a reduction in sentence under Amendment 821. See United States v. Benson, Case No. 2:19-CR-14 JD, 2024 WL 4002915, at *1 (N.D. Ind. Aug. 30, 2024); United States v. Jamerson, Case No. 2:24CR00003-001, 2026 WL 1073847, at *2 (S.D. Ind. Apr. 20, 2026).

The court **CONSTRUES** the plaintiff's motion to amend as a *pro se* motion for a sentence reduction under Amendment 821 to the Sentencing Guidelines and **DENIES** that motion. Dkt. No. 664.

Dated in Milwaukee, Wisconsin this 10th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**